## ALEXANDER WICKERSHAM

*v.*

## JESSE ALTOM.

1. ASSIGNOR AND ASSIGNEE—*assignor's liability.* Where the evidence shows that the maker of an indorsed promissory note was insolvent at its maturity, and so continued, and therefore a suit against him would have been unavailing, the assignor will be liable to the assignee upon his assignment.

2. SAME—*estoppel to deny that suit would have been unavailing.* Where the assignee of a promissory note, shortly after its maturity, informed the assignor that he could find no property of the maker out of which to make the debt, and asked if he should sue him. and the assignor told him he had better "coax it out of him:" *Held,* in a suit by the assignee against the assignor, that this was sufficient to estop the latter from insisting that suit should have been brought against the maker, and a tacit admission that a suit would have been unavailing.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. B. B. SMITH, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant assigned a promissory note, given by one Smith, to appellee, dated December 25, 1868, due four months after date, and for the sum of $204. The note matured when the maker was absent from the State, but he returned and was at home a few days before the next term of the circuit court, but appellee did not sue at that or any subsequent term of the court.

On the 25th of May, 1874, appellee brought suit before a justice of the peace, against appellant, as assignor of the note, to recover the unpaid balance. On a trial before the justice, a judgment was rendered for plaintiff, for the sum of $160.14, from which an appeal was prosecuted to the circuit

court.   A trial was had before the court. without a jury, by consent of the parties, which resulted in a judgment in favor of plaintiff, for the same amount, and defendant brings the case to this court by appeal, and assigns various errors.

It is urged, in favor of a reversal, that appellee did not use due diligence by instituting legal proceedings, as required by the statute, and that such proceedings would have made the money.

On a careful examination of the evidence, we are satisfied it is ample to prove that the maker was wholly insolvent, and a suit would have been unavailing to collect the money.   The evidence shows that, after the note matured, and before the death of the maker, executions against him could not be made, and he was considered in the neighborhood as insolvent, and several witnesses so testified.   We regard the testimony as overwhelming on this question.   It is true, that Smith paid some small debts, but it was voluntary, and not by legal coercion.

Bell, it is true, testifies that there was property on the farm that belonged to Smith, liable to execution, but he admits that he told the officers, when they came to levy, that it belonged to Mrs. Smith, thus admitting that he had told the officers a deliberate untruth, which renders his testimony of but little value.   If he would make a deliberately false statement when not under oath, he can not expect his statements to be regarded as truthful when made under oath.   He, if he is to be believed, denied that Smith owned the property, for the purpose of preventing a creditor from collecting a just debt. thus becoming an active agent in wronging a creditor out of his money.   We regard the evidence of such a witness, unsupported, as of but little value.

Again, there seems to be no doubt that appellee told appellant that he could find no property, and asked him if he should sue, when appellant said he "had better coax it out of him." This was in July, after the note had matured.   This was sufficient to estop appellant from insisting that suit should

have been brought. It was a tacit admission that a suit would have been unavailing, and he can not be heard to complain because appellee acted upon and followed his directions. It would be a fraud to permit an assignor to give such directions. and then turn around and interpose the course pursued under the directions, as a defense to a recovery.

. The legal evidence in the case is amply sufficient to sustain the finding. In fact, had the judgment been the other way, a reversal would have been required. Hence, we must conclude that, if there was some improper evidence admitted, it could in nowise have prejudiced or injured appellant.

The judgment of the court below is manifestly correct, and must be affirmed.

*Judgment affirmed.*