CASTAGNO V. CARPENTER, ADMINISTRATOR.

1. INSTRUCTIONS TO JURY — APPELLANT CANNOT COMPLAIN OF ERROR WHICH DOES NOT PREJUDICE.— Where the appellant assigned error upon an instruction given at the trial, and it appears that the portion of the instruction applicable to the facts of the case stated the law correctly, and that the portion complained of could not have been prejudicial to the appellant in any event, it affords no ground for reversal.

2. ACTION AGAINST INDORSER OF PROMISSORY NOTE, THE MAKERS NOT HAVING BEEN PROSECUTED TO INSOLVENCY.— In a suit against the indorser of a promissory note, no action having been instituted against the makers, the question whether a suit against the latter would have been wholly unavailing was properly submitted for the determination of the jury on the evidence, under section 7, chapter 9, General Statutes.

*Appeal from District Court of Ouray County.*

Messrs. J. P. CASSIDY and J. W. MILLS, for appellant.

Mr. S. L. CARPENTER, for appellee.

PATTISON, C. This action was brought by Luther Harris in his life-time against John Castagno, appellant, as assignor of a certain promissory note bearing date June 1, 1882, made by Nellie G. Bragaw and R. S. Bragaw, her husband, for the sum of $275, payable to the order of George P. Costigan one year after date, with interest at the rate of two per cent. per month.

The original complaint was in the usual form, and alleged, among other things, that the note was assigned or indorsed to appellant on or about June 15, 1882, and that it was thereafter indorsed by him to one W. M. Stewart, and by Stewart to Harris.

To this complaint a demurrer was interposed. Subsequently, by amendment, the following allegation was added: "That at the time said note became due the makers thereof, and each of them, were insolvent, and each of them ever since have been and now are insolvent."

An answer was filed which put in issue the material allegations of the complaint, and set up certain affirmative defenses, which need not be considered by this court.

The only question presented to this court (that being the sole issue tried by the court below) arises upon the allegation of the complaint to the effect that at the time the note in question matured the makers of the note were wholly insolvent. As no action has ever been instituted against the makers, the purpose of this allegation, and the proof introduced to sustain it, was to show that such an action would have been entirely unavailing within the meaning of the statute.

The nature and extent of the liability of the assignor of a negotiable instrument is expressly defined by section 7, chapter 9, General Statutes. That section provides that "every assignor * * * of every such note * * * shall be liable to the action of the assignee thereof, or his executors or administrators, if such assignee shall have used due diligence, by the institution and prosecution of a suit against the maker of such assigned note, * * * for the recovery of the money or property due thereon, or damages in lieu thereof; provided that, if the institution of such suit would have been unavailing, * * * such assignee * * * may recover against the assignor * * * as if due diligence by suit had been used."

It is conceded that if, at the maturity of the note in question, the makers thereof were insolvent, then a suit against them would have been unavailing within the meaning of the statute, and that to fix the liability of the assignor an action against them was unnecessary.

The execution and the assignment of the note being admitted, the only issue presented to the court below was that of the insolvency of the makers, and all the evidence introduced at the trial bore directly upon this issue. A review of the evidence in behalf of plaintiff is entirely unnecessary. It is sufficient to say that such evidence tended to show that the makers of the note were insolvent, not only in the county of Ouray, where they resided at the time the note was made and at its maturity, but that they were without property anywhere within the state of Colorado or elsewhere. No evidence on the part of the defendant was offered which showed, or tended to show, that the makers, or either of them, were solvent, or that they had property anywhere within the state which was subject to execution, except that hereinafter recited.

Mr. Cassidy, attorney for the appellant, was sworn as a witness, and stated in substance that he had examined the records of the county of Ouray, and found that on the 4th day of June, 1883, Mr. Bragaw was the owner of an undivided one-quarter interest in a lot 50x142 in the town of Ouray, and three mining claims; that this tract of land and these mining claims were incumbered with a $300 trust-deed, upon which a balance of $25, with interest thereon for about two years, remained unpaid; that the value of the lot was $150. There is no evidence whatever as to the value of the three mining claims. The records were not produced, and Mr. Cassidy did not state whether this property was actually owned by Mr. Bragaw when the note matured. It further appears that the property mentioned had been sold for taxes in June,

1883. No other evidence was introduced on behalf of the defendant.

The jury were instructed to the effect that, if they found that the makers of the note were insolvent in the county in which they lived at the time of making the note, and had lived for several months before, that it was not necessary to show their insolvency throughout the country; that, when a fact or state of facts is found to exist approximately, the law presumes such fact or state of facts to continue till the contrary is shown; that if the jury should find by the preponderance of proof that the makers of the note were insolvent or had absconded when the note became due, or that the institution of the suit against the makers of the note would have been unavailing, then the verdict should be for the plaintiff. The other instructions given by the court need not be recited.

The argument of appellant is predicated upon this instruction, and upon the further proposition that the testimony of Cassidy shows that R. S. Bragaw had property subject to execution which might have been reached and applied in part payment of the note had suit been begun against the makers in the first instance.

It is first insisted that the court erred in instructing the jury that, if they should find the makers of the note insolvent in the county in which they lived, plaintiff need not show their insolvency throughout the country. It is unnecessary to determine whether this part of the charge was erroneous or not. The evidence introduced by plaintiff tended to show that the makers of the note were without property anywhere in the state of Colorado, and there was no testimony introduced by defendant which showed, or tended to show, that they had property anywhere, except that of Cassidy, which related solely to the property situated in the town and county of Ouray. As there was no testimony to which the instruction could apply, it is manifest that defendant was

not prejudiced, and the error, if it was one, was harmless.

It is further contended that the proposition embraced in that part of the instruction in which the court said that, when a fact or state of facts is found to exist approximately, the law presumes such fact or state of facts to continue until the contrary is shown, is erroneous. It may be assumed that this portion of the instruction was suggested to the court by the fact that the evidence of some of the witnesses as to the financial condition of the makers of the note was not confined to the precise point of time at which the note matured. But as the testimony, taken as a whole, clearly showed that these parties were insolvent when the note matured, and from that time until the trial was had, it is clear that the defendant could not have been prejudiced. The remainder of the instruction states the law clearly and correctly, and no complaint is made by appellant concerning it.

Again, it is contended that the testimony of Cassidy was sufficient in itself to show that an action against the makers of the notes would not have been unavailing, within the meaning of the statute. This position is untenable. The evidence of Cassidy was not uncontradicted. Two or three of plaintiff's witnesses stated that they had claims against these parties; that they sought for property out of which to make their claims, but could find none; that the little property which they had was so incumbered that no equity of any appreciable value remained to them; that in their opinion they were wholly insolvent. The question of insolvency, therefore, was one for the jury and not for the court. That question was correctly submitted to the jury by the following instruction: " The court instructs the jury that an indorser on a note is not liable for the payment of said note in default of payment by the makers, unless the holders first procure judgment against the makers thereof, and have return of execution that said judg-

ment cannot be satisfied out of the property of the makers of said note, or prove to the satisfaction of the jury that, if suit had been brought on the note against the makers thereof, and judgment recovered thereon, the said judgment could not have been satisfied, either in whole or in part, out of the property of the makers of said note."

That this is a correct statement of the law cannot be doubted. In *Dunn v. Ghost*, 5 Colo. 134, it is held that " the statute fixes the liability of an assignor by indorsement of negotiable instruments after diligence against the maker by suit, unless such suit would have been unavailing." The same principle is enunciated in *Martin v. Cole*, 104 U. S. 30. In *Wickersham v. Altom*, 77 Ill. 620, it is said that, " where the evidence shows that the maker of an indorsed promissory note was insolvent at its maturity, and so continued, and therefore a suit against him would have been unavailing, the assignor will be liable to the assignee upon his assignment." As the provision of our statute under consideration was borrowed from Illinois, the decisions of the supreme court of that state are good authority here.

The record fails to disclose any error of which appellant can justly complain. It is unnecessary to consider in this connection the effect of section 13 of the Code of Civil Procedure, permitting the joinder in the same action of parties and sureties to promissory notes. See *Hamill v. Ward*, *ante*, p. 277. The judgment should be affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*