THE CHICAGO INVESTMENT COMPANY, APPELLANT, v. L. HARRISON, APPELLEE.

1. REVERSAL OF JUDGMENT FOR WANT OF EVIDENCE.—When there is an entire want of evidence upon some material matter in issue between the parties to a cause an appellate court never hesitates to set aside the judgment in furtherance of the ends of justice. Such a case does not come within the rule concerning non-interference upon questions of evidence in trials by courts or juries.

2. LIABILITY OF ASSIGNOR OF PROMISSORY NOTE.—The assignor of a promissory note is never liable on the default of the maker, unless the holder has first obtained judgment against the maker with return of execution unsatisfied, or by his proof brings himself within

some statutory exception. A mere allegation in his complaint that the maker is insolvent, without proving the fact on trial, or establishing some legal excuse for failure to use diligence in the collection of the note, does not warrant a judgment against the assignor.

*Appeal from County Court of Arapahoe County.*

Messrs. CRANSTON & PITKIN, for appellant.

Messrs. BAXTER & WRIGLEY, for appellee.

BISSELL, J. On the 20th of December, 1889, John Keys executed his note for $290, payable to The Chicago Investment Company one year after its date. He secured this paper by trust deed upon some realty in the first addition to Lafayette Heights. By indorsement and transfer the title to the paper was vested in the appellee, Harrison. In May, 1891, he brought this suit against Keys and the Investment Company. To bring the action within the exceptions of the statute concerning commercial paper, and to show a right of recovery as against the assignor, The Chicago Investment Company, the plaintiff alleged the insolvency of the maker, and by apt averment charged the responsibility for the delay in bringing the suit upon the company. The case was tried by the court, which rendered a judgment against the company for $307. The rights of the parties are fixed by the statute, which has been clearly defined and plainly interpreted by the supreme court of this state. *Castagno v. Carpenter*, 14 Colo. 524.

The assignor of a promissory note can never be made liable on the default of the maker, unless the holder has either first obtained judgment and had his execution returned unsatisfied, or by his proof he bring himself within some one of the statutory exceptions. The statutory exception relied upon in this case was the insolvency of the maker. It was not contended on the trial, nor is it urged here, that the maker had been previously sued, and it follows

that the plaintiff could not recover without proving that insolvency, or establishing some legal excuse for his failure to use diligence in the collection of the note.   He did neither. Appellate courts are always reluctant to reverse a case upon a question of evidence where the case has been tried by the court, or by a jury, and will never interfere where the question is one of mere preponderance or weight of evidence. The present case does not come within that rule.   There was no legal testimony which established the insolvency of the maker of the note, nor was any evidence given which would justify that finding.   Wherever there is an entire want of evidence upon some material matter put in issue the court will not hesitate to set aside the judgment in furtherance of the ends of justice.   *The Fidelity Investment Co. v. Carico, ante* p. 292.

The averment that the delay was occasioned by the acts of the assignor was not sustained by proof of anything which in law can be said to amount to a waiver of the statutory requirement of diligence.   Since there was proof neither of diligence, nor of waiver, Harrison was not entitled to recover against the Investment Company, and judgment should have passed in its favor.

For these errors the cause must be reversed and remanded for a new trial.

*Reversed.*